# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-00811-CV-C-NKL |
| ) | |
| UNITED STATES CURRENCY ) | |
| in the amount of $13,000.00, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the Motion of the United States for a Default Judgment of Forfeiture [Doc. #5].

## I. Background

On or about December 22, 2011, the Drug Enforcement Administration ("DEA") seized $13,000.00 in United States currency from John A. Welch at 1922 North Main Street, Higginsville, Missouri. The money was seized pursuant to a traffic stop and search on the basis of the officer's reasonable suspicion of criminal activity. Lafayette County declined to prosecute or pursue a state forfeiture action.

The DEA initiated an administrative forfeiture against the $13,000.00. On or about April 2, 2012, John A. Welch, by and through his attorney, Joel J. Schwartz, filed a claim with the DEA. As a result, the case was referred to the United States Attorney's Office for the Western District of Missouri to file a judicial forfeiture action.

1

On July 2, 2012, the United States filed a Complaint for Forfeiture *in Rem* [Doc. #1] seeking forfeiture of the Defendant U.S. $13,000.00, pursuant to 21 U.S.C. § 881(a)(6). On July 11, 2012, a Deputy United States Marshal arrested the $13,000.00 pursuant to a Warrant for Arrest of Property, which had been issued by the Court Clerk for the Western District of Missouri on July 3, 2012. The only known potential claimant, John A. Welch, and his attorney were served by mailing a Notice of Complaint for Forfeiture and a copy of the Complaint by Certified Mail, Return Receipt. Notice of the seizure and the requirements for filing a claim for the defendant property was properly posted on an official government internet site (www.forfeiture.gov) between July 3, 2012, and August 1, 2012. No known or unknown claimants have come forward in response to the United States' notification proceedings.

**II.    Discussion**

A person who asserts an interest in the defendant property must file a claim within, *inter alia*, the deadline set forth in the direct notice of the action sent by the Government to the claimant, or no later than 60 days after the first day of publication on the official internet government forfeiture site. 18 U.S.C. § 983(a)(4)(A); FRCP SUPP AMC Rule G(5)(a). A claimant must serve and file an answer to the complaint within 20 days after filing the claim. U.S.C. § 983(a)(4)(B); FRCP SUPP AMC G(5)(b).

It is within the discretion of the Court to enter a default judgment against a party who has failed to plead or defend. Fed. R. Civ. P. 55(b)(2). Claimant John A. Welch has failed to plead or otherwise defend against the United States' Complaint for Forfeiture *in*

2

Case 4:12-cv-00811-NKL   Document 6   Filed 11/06/12   Page 2 of 3

*Rem* within the time allowed.  As such, a judgment of default in favor of the United States is appropriate.

## III. Conclusion

For the above stated reasons, Plaintiff's Motion for a Default Judgment of Forfeiture is GRANTED.  The $13,000.00 in U.S. currency is hereby forfeited to the United States pursuant to 18 U.S.C. § 2253(a), to be disposed of according to law.  All other persons claiming any right, title, or interest in or to the above-referenced property are held in default, and any claims by such persons are forever foreclosed and barred.  The Court shall retain jurisdiction to enter any orders necessary to amend or enforce this order.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  November 6, 2012
Jefferson City, Missouri